IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KLINE ENTERPRISES, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>DOUGLAS SWENSON, an individual; JEREMY SWENSON, an individual; DAVID SWENSON, an individual; GARY BRINGHURST, an individual; MATTHEW DUCKETT, an individual; THOMAS VAR REEVE, an individual; DANIEL ORR, an individual; DAVID ROTTMAN, an individual; JOHN MAYERON, an individual; CHARLES E. HASSARD, an individual; THOMAS A. KRAUSE, an individual; DAN FALLS, an individual; DBSI TIEGS 979, LLC, an Idaho limited liability company; and JOHN and JANE DOES 1 THROUGH 10, whose true identities are unknown,<br><br>        Defendants. | Case No.  1:11-CV-535-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for reconsideration filed by defendants Gary Bringhurst and David Swenson, and a motion to dismiss filed by these two defendants along with Jeremy Swenson. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant the motion for reconsideration and deem moot the

**Memorandum Decision & Order - 1**

motion to dismiss.

## ANALYSIS

In its earlier decision, the Court found that plaintiff's service on defendants Gary Bringhurst and David Swenson was not timely. Plaintiff's counsel, Ron Shepard, explained that he was wrongfully enticed to serve these defendants late by defense counsel Curtis McKenzie. Shepard claimed that McKenzie represented he had authority to accept service for his clients, and Shepard accordingly delivered the service papers to McKenzie on October 12th, eight days before the service deadline expired on October 20th. McKenzie did nothing until 6 days after the deadline expired, when he told Shepard that he now lacked authority to accept service.

At first glance, this appeared to constitute enticement that would justify extending the service deadline. The Court noted, however, that this initial appearance took on a new look after examining Shepard's letter delivering the papers to McKenzie on Oct 12th:

> On October 12th, Shepherd told McKenzie that if he heard nothing by October 14th, he would assume McKenzie lacked authority to accept service and he would proceed to directly serve Swenson and Bringhurst. Thus, when McKenzie silently sat on the service papers, he was entitled to assume that Shepherd would proceed with direct service. Far from enticing Shepherd into inactivity, McKenzie's silence was a clear message to Shepherd – under Shepherd's self-imposed deadline – that he needed to take immediate action. Shepherd still had six days to serve the two men, and there is no evidence that they evaded service or made it more difficult in any way. It appears that it was Shepherd's failure to follow through on his representation that he would directly serve the two men – and not any wrongful enticement by McKenzie – that resulted in the failure to meet the deadline.

*See Memorandum Decision (Dkt. No. 47).*

**Memorandum Decision & Order - 2**

Based on this analysis, the Court was prepared to dismiss Swenson and Bringhurst, except for one thing:  The analysis contained in the quote above was entirely a construct of the Court because McKenzie failed to file any reply to Shepard's serious charges of enticement.  Such a direct attack on an attorney's integrity would surely draw a quick and aggressive rebuttal if it was unfounded.  McKenzie's failure to respond raised a question whether he was conceding the charge.  The Court was therefore reluctant to grant McKenzie's motion until he provided some response.

McKenzie has now filed that response in the form of a motion to reconsider.  He explains that his lack of response was not intended to be a concession of any kind, and that he has nothing to add to the Court's own analysis, quoted above, that he was not guilty of enticement.  He points out accurately that he was not required to file a reply brief and that his failure to do so should not be taken as a concession on the issues.

After examining the briefing on the motion to reconsider, the Court's concern over McKenzie's possible concession is now resolved, and the Court finds that he did not concede the charge of enticement.  Shepard responds that when he did not hear from McKenzie by October 14th, he "remained optimistic that defendants and defense counsel would ultimately honor the prior agreement to accept service." *See Response Brief (Dkt. No. 54)* at pg. 4.  But his optimism was entirely unfounded because he had told McKenzie that if he did not hear anything by October 14th – six days prior to the deadline – he would assume McKenzie no longer had authority and would proceed to serve the defendants personally.  As the Court found above, McKenzie's silence cannot be

**Memorandum Decision & Order - 3**

construed as enticement under these circumstances.

That removes the only obstacle to implementing the Court's analysis, quoted above, finding that there is no excuse for the late service. Accordingly, the Court will grant the motion to reconsider. The Court notes that since the motion to reconsider was filed, the parties have filed a stipulation to dismiss defendants David Swenson and Jeremy Swenson. Thus, the only remaining defendant tied to the motion to reconsider is Gary Bringhurst, and the Court will limit its order of dismissal to him.

Defendants David and Jeremy Swenson and Gary Bringhurst have also filed a motion to dismiss under Rule 12(b)(6). However, because all three defendants have now been dismissed, this motion is moot.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 49) is GRANTED.

IT IS FURTHER ORDERED, that defendant Gary Bringhurst is hereby DISMISSED as a defendant.

IT IS FURTHER ORDERED, that the motion to dismiss (docket no. 64) is DEEMED MOOT.



DATED: **March 25, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**