IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KLINE ENTERPRISES, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>DOUGLAS SWENSON, an individual; et al,<br><br>        Defendants. | Case No.  1:11-CV-535-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss and for an evidentiary hearing. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

## ANALYSIS

In an earlier decision, the Court granted plaintiff Kline's motion for an extension of time to serve defendant Douglas Swenson. Kline had not served Swenson within the 120 days mandated by Rule 4(m), and he sought an extension under the provision of that Rule that requires an extension if there is "good cause." The Court found that Kline had made that showing. More specifically, after granting all inferences in Kline's favor, the Court found inferences from the evidence that Swenson may have been evading service. The Court accordingly extended the time for service, and Kline eventually served

Order - 1

Swenson.

Swenson has responded by filing a motion to dismiss under Rules 12(b)(2) and (5), alleging that the service was not timely and that he is entitled to an evidentiary hearing on the matter. Because Swenson is focusing on the timeliness of the service of process, rather than the personal contacts he has with the forum, Rule 12(b)(5) governs the resolution of his motion. 5B Wright and Miller, *Federal Practice & Procedure,* § 1353, at 336-38 (3d ed. 2004) (identifying distinction between Rule 12(b)(2) and Rule 12(b)(5)).

Swenson is entitled to support his Rule 12(b)(5) motion with evidence outside the pleadings. 5C, Wright and Miller *Federal Practice & Procedure* § 1364 at 133-34 (3d ed. 2002). Moreover, the Court has the discretion to hold an evidentiary hearing if disputed issues of fact exist. *Id.* at 35 (supp. 2012); see also *Blair v City of Worcester*, 522 F.3d 105 (1st Cir. 2008) (holding that evidentiary hearing should have been held to resolve service of process issues raised in Rule 12(b)(5) motion).

Kline responds that Swenson is merely seeking reconsideration of the Court's extension order. Kline points out that Swenson's counsel filed an opposition brief to Kline's motion for extension, and thus had a full opportunity to litigate the timeliness of the service.

The Court disagrees. The standards for resolving a motion for extension are quite different from those governing a Rule 12(b)(5) motion, and it would be unjust to preclude a party who lost the former from pursuing the latter. To resolve the motion for extension,

Order - 2

the Court used a lenient standard that granted all inferences in Kline's favor. The evidence did not point to any clear result, and it was only by granting all inferences in Kline's favor that the Court could say that Swenson appeared to be evading service. In other words, the favorable presumption that Kline received on its motion made all the difference. However, that standard does not apply in the Rule 12(b)(5) context where the defendant is entitled to submit extra-record evidence and have the Court rule without any inferential presumptions.

For these reasons, Swenson is entitled to a resolution of his Rule 12(b)(5) motion, and is entitled to submit evidence outside the pleadings on that motion. The decision whether to hold an evidentiary hearing is within the Court's discretion. 5C, Wright and Miller, *supra*, at § 1364. Here, the issue whether Swenson was timely served turns on whether he was evading service. That is a difficult issue to resolve on a cold record. Consequently, the Court will grant Swenson's request for an evidentiary hearing.

The issue is not complex, however, and much of the factual background can be set forth in affidavits. Thus, the issue can be fully presented in a two-hour hearing. Each side will have one hour to present the testimony of witnesses and cross-examine the witnesses for the other side. The Court will set that hearing for May 20, 2013, at 9:00 a.m. and it will conclude at 11:00 a.m.

In addition to seeking a hearing, Swenson's motion seeks dismissal. However, since the motion was focused exclusively on the hearing issue, and was not supported by affidavits, the Court will deny the request for dismissal at this time. The Court will direct

Order - 3

Swenson to file a new motion under Rule 12(b)(5) supported by affidavits that will streamline the evidentiary hearing. Kline's response may also use affidavits to streamline its presentation at the hearing. The use of witnesses should be limited to the presentation of evidence that depends largely on credibility.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for an evidentiary hearing and to dismiss (docket no. 71) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks an evidentiary hearing. It is denied in all other respects, without prejudice to the right of Swenson to file a new motion under Rule 12(b)(5) supported by affidavits to streamline the presentation at the evidentiary hearing.

IT IS FURTHER ORDERED, that an evidentiary hearing be held on May 20, 2013, at 9:00 a.m. in the Federal Courthouse in Boise, Idaho. Each side will be allotted one hour total to present witnesses and cross-examine the opponent's witnesses. The use of witnesses should be limited to the presentation of evidence that depends largely on credibility.



DATED: **March 25, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 5**